IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR FERRO,

    Plaintiff,

v.                                                                          No. 18-cv-0223 GJF/SMV

BOARD OF COUNTY COMMISSIONERS
OF CURRY COUNTY and KENNETH LACEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion for Limited Discovery [Doc. 30], filed on July 3, 2018. Defendant Kenneth Lacey responded on July 17, 2018. [Doc. 35]. Plaintiff did not file a reply, and the time for doing so has passed. The Court heard oral argument on October 18, 2018. [Doc. 53]. Having considered the briefing, argument, relevant portions of the record, and relevant authorities, and being otherwise fully advised in the premises, the Court finds that Plaintiff's motion is well-taken and will be GRANTED.

## Background

On April 3, 2016, Plaintiff was arrested and booked into the Curry County Detention Center ("CCDC") in Clovis, New Mexico. [Doc. 1] at 2. He was placed into the "alpha pod," the maximum-security pod of the facility, despite being classified as "low," or not showing signs of violence or disruptive behavior. *Id.* He alleges that on April 8, 2016, two inmates hid in the showers to avoid returning to their cells on the bottom tier of alpha pod for lockdown following their recreation time. *Id.* at 3. Plaintiff alleges that the two inmates then went to the top tier of

alpha pod, which was not on lockdown, and attacked Plaintiff in his cell. *Id.* at 3–4. Plaintiff alleges the attack lasted more than half an hour. *Id.* at 4. Plaintiff alleges that "[i]t is clear" from the surveillance video of the incident that an attack is occurring inside his cell. *Id.*

Plaintiff filed the instant lawsuit against the Board of County Commissioners of Curry County ("County") and Kenneth Lacey, a detention officer, on March 8, 2018, asserting claims under 42 U.S.C. § 1983 and related state-law claims. Plaintiff alleges that Defendant Lacey, who was assigned to the alpha pod at the time of the attack, failed to check each individual bottom-tier cell during lockdown and failed to check the shower area. *Id.* at 3. Had he done so, Plaintiff alleges, he would have discovered that the inmates who attacked him were not in their cells for lockdown. *Id.* Plaintiff further alleges that Lacey left the alpha pod while the top tier was unlocked and neither he nor any other CCDC employee monitored the pod through video or otherwise after Lacey left. *Id.* He alleges that Lacey's actions and CCDC's policies created the unsafe conditions at the jail that led to his attack.

The Court entered an Initial Scheduling Order [Doc. 12] on May 2, 2018, and the parties held their discovery conference pursuant to Fed. R. Civ. P. 26(f). On May 23, 2018, Plaintiff served an interrogatory on the County asking it to "[i]dentify and explain the role of any person other than Kenneth Lacey who was tasked with monitoring alpha pod during the incident." [Doc. 30] at 1. On June 22, 2018, one day before the discovery response was due, Defendant Lacey filed a motion for judgment on the pleadings and for qualified immunity. [Doc. 22]. Defendants concurrently filed a Motion to Stay Discovery pending resolution of Defendant Lacey's qualified

2

immunity defense.[1] [Doc. 23]. The Court granted the Motion to Stay on June 26, 2018, without waiting on responsive briefing from Plaintiff.[2] [Doc. 26].

Shortly thereafter, Plaintiff filed the instant motion requesting that the Court lift the discovery stay in part. [Doc. 30]. Plaintiff seeks to complete discovery regarding the identification of any other person who was responsible for monitoring alpha pod during the incident. He asserts that this discovery is necessary so he may learn of any other culpable parties and move to add them as defendants within the applicable statute of limitations, which he asserts will expire "within the next ten months." *Id.* at 1. Plaintiff maintains that he will suffer irreparable injury to the vindication of his constitutional rights if he is unable to complete this discovery and timely join additional parties. *Id.* at 3. Plaintiff further points out that he is requesting information from the County, which does not have a qualified immunity defense, and not from Defendant Lacey. *Id.* at 3–4. Finally, Plaintiff suggests that the qualified immunity motion is "likely to be denied on all grounds." *Id.* at 4. In a response filed July 17, 2018, Defendants maintain that Supreme Court and Tenth Circuit precedent favor staying discovery pending resolution of qualified immunity defenses, and the limited circumstances under which courts have permitted discovery to proceed are not applicable here. [Doc. 35].

---

[1] The Honorable Gregory J. Fouratt, United States Magistrate Judge, who is presiding over this case, heard oral argument on Defendant Lacey's Motion for Judgment on the Pleadings and for Qualified Immunity [Doc. 22] on August 21, 2018. [Doc. 45]. He denied the motion without prejudice on September 5, 2018. [Doc. 46]. Judge Fouratt explained that he was inclined to find that Plaintiff had failed to allege facts with sufficient specificity to satisfy *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny. *Id.* at 1. However, he granted Plaintiff two weeks to amend his complaint. *Id.* Plaintiff timely amended his complaint on September 11, 2018. [Doc. 47]. The County answered on September 25, 2018. [Doc. 48]. Defendant Lacey, in lieu of filing an answer, filed a Motion to Dismiss, renewing his assertion of qualified immunity. [Doc. 49].

[2] Plaintiff filed a response to the motion on June 27, 2018, the day after the Court ruled on the motion. [Doc. 28].

## Legal Standards

The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It therefore protects officials not only from having to stand trial, but also from having to bear the burdens associated with litigation, including pretrial discovery.[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009); *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992).

Accordingly, in the Tenth Circuit, a defendant is generally entitled to a stay of discovery when he files a motion for qualified immunity. *Workman*, 958 F.2d at 336 ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."). The policies underlying the stay require that all discovery in the case be stayed, including as to other parties and claims that are unrelated to the question of qualified immunity. *Iqbal*, 556 U.S. at 685–86; *Herrera v. Santa Fe Pub. Sch.*, 11-cv-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012); *Morrow v. State of New Mexico*, 15-cv-0026 WJ/WPL, [Doc. 37] at 3 (D.N.M. June 15, 2015) ("Standard practice in

---

[3] The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231 (internal quotation marks omitted); *see also Harlow*, 457 U.S. at 818−19 ("Until this threshold immunity question is resolved, discovery should not be allowed."). Certainly, "'insubstantial claims' against government officials [should] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 639 n.2 (1987).

this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised.").

The qualified immunity doctrine seeks to strike a balance "between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *cf. Plummer v. Quinn*, No. 07 Civ 6154 (WHP), 2008 U.S. Dist. LEXIS 9951, at *4, 2008 WL 383507, at *2 (S.D.N.Y. Feb. 12, 2008) ("The purpose of the qualified immunity doctrine is to 'strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.'" (quoting *Jemmott v. Coughlin*, 85 F.3d 61, 66 (2d Cir. 1996))). The qualified immunity doctrine should protect an official from "broad-reaching" discovery, but not necessarily all discovery. *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998); *see Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1087 (D.N.M. 2015) ("[O]fficials are not protected from all discovery, 'but only from discovery which is either avoidable or overly broad.'" (quoting *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001))).

So, for example, a plaintiff confronted with a summary judgment motion raising a qualified immunity defense may be entitled to discovery in order to develop facts essential to opposing that motion and defense. *Crawford-El*, 523 U.S. at 593 n.14 ("[L]imited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity[.]"). The general rule barring discovery pending resolution of a qualified immunity defense is not absolute, however. Government officials are not protected from all discovery, "but

5

only from discovery which is either avoidable or overly broad." *Garrett*, 254 F.3d at 953 (internal quotation marks omitted). However, this exception "is not a license for a fishing expedition." *Lewis v. City of Fort Collins*, 903 F.2d 752, 759 (10th Cir. 1990). "It is insufficient for the party opposing the [stay] to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands." *Id.* (internal quotation marks omitted); *see also Torres v. Madrid*, 16-cv-1163 LF/KK, [Doc. 40] at 3 (D.N.M. June 1, 2017) (rejecting motion for limited discovery to take two depositions because the plaintiff "does not even attempt to demonstrate how the discovery 'will enable [her] to rebut [defendants'] showing of objective reasonableness' in their Motion to Dismiss.").

## **Analysis**

Plaintiff does not seek discovery in order to adequately respond to Defendant Lacey's qualified immunity motion. Indeed, no discovery is necessary to resolve a motion that merely "tests the legal sufficiency of a complaint." Plaintiff nevertheless asks the Court to permit limited discovery in the interest of fairness. Plaintiff maintains that the discovery he seeks is essential to providing him a "realistic avenue for vindication of constitutional guarantees," such that it outweighs the interests animating the qualified immunity doctrine in this case. *See* [Doc. 30] at 3 (citing *Plummer*, 2008 WL 383507, at *2).

Under the very narrow and specific circumstances here, the Court agrees with Plaintiff and will order the County to answer the one interrogatory at issue:

> Identify and explain the role of any person other than Kenneth Lacey
> who was tasked with monitoring alpha pod during the incident.
> (defined above).

[Doc. 30] at 1 (quoting the interrogatory at issue).

In making this ruling, the Court has weighed Plaintiff's interest in obtaining a response to the interrogatory; it appears to be Plaintiff's sole avenue for discovering the identity of the proper defendant(s). That is, without a response to this one interrogatory, when the statute of limitations passes, Plaintiff may be forever barred from attempting to vindicate his constitutional rights. Likewise, the Court has considered how ordering the County to respond to the one interrogatory may burden Defendant Lacey's ability to effectively perform his duties as a corrections officer and whether that burden might impinge on his ability to vigorously exercise his official authority.

Responding to this one interrogatory is the only discovery the Court will permit at this time. It is extremely limited. It is very narrowly tailored to Plaintiff's important interest. The Court notes that this one interrogatory is propounded on the County and not on Defendant Lacey. The County has neither a qualified immunity defense nor any pending dispositive motion. Responding to this one interrogatory will impose virtually no burden on the County and, more importantly, will impose virtually no burden on Defendant Lacey.

Moreover, Plaintiff has been diligent. With the statute of limitations in mind, Plaintiff attempted to discover the identity of the proper party or parties at the earliest opportunity. He did not wait to seek the names of the potential defendants. His interrogatory is no eleventh-hour surprise.

In this case, the Court finds that Plaintiff's interest in obtaining a response to one interrogatory outweighs Defendant Lacey's and the public's interest in staying such response until Judge Fouratt has ruled on Defendant Lacey's Motion to Dismiss based on qualified immunity.

Under the specific circumstances here, there is little, if any, risk that Defendant Lacey's ability to carry out his official duties will be affected by the County's responding to the one interrogatory at issue. And without that response, there is serious and significant risk that Plaintiff would forever lose his ability to identify and add the proper defendant(s), i.e., to vindicate his important constitutional rights.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Limited Discovery [Doc. 30] is **GRANTED**. Defendant Board of County Commissioners of Curry County must respond to the interrogatory no later than **November 7, 2018**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**